Dan Terzian (SBN 283835)
dterzian@duanemorris.com
**DUANE MORRIS LLP**
865 S. Figueroa, Suite 3100
Los Angeles, CA 90017
Telephone: +1 213.689.7400
Facsimile: +1 213.689.7401

Attorneys for Plaintiff
JOE MYERESS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOE MYERESS, Plaintiff, | Case No. ___________ |
| v. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| RAZORGATOR, INC., Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff, Joe Myeress ("Plaintiff"), by his undersigned attorneys, Duane Morris LLP, for his Complaint alleges as follows:

## JURISDICTION & SUBSTANCE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions). Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2. Plaintiff Joe Myeress is a professional commercial photographer who resides at 8370 Wingate Dr., Apt. # 724, Sarasota, FL 34238.

3. Upon information and belief, defendant RazorGator, Inc. ("Defendant") is a corporation organized under the laws of the State of California with a principal place of business located at 4094 Glencoe Avenue, Unit A, Marina Del Rey, California 90212.

## PERSONAL JURISDICTION & VENUE

4. Personal jurisdiction over Defendant is proper. Defendant is a California corporation that does business in California and maintains an office at 4094 Glencoe Avenue, Marina Del Rey, California 90292.

5. Further, Defendant has caused Plaintiff harm in this state and judicial district, including without limitation the harm caused to Plaintiff's exclusive copyrights in this jurisdiction that has been undertaken and used, in part, to promote the business that Defendant conducts in this forum.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because Defendant maintains an office and conducts business in this district, including the business conduct giving rise to the claims asserted in this lawsuit.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. Plaintiff's Business

7. Plaintiff is a professional photographer residing in Florida, creating and licensing photographic images for various uses. Plaintiff's artistic and professional style has garnered national attention and acclaim for his work.

8. Plaintiff specializes in product, landscape, real estate, event, and travel photography. He has served as a United States Navy photographer, photographed Former President George W. Bush's Inauguration, and photographed the Summit at the White House between Former President George W. Bush and President Mikhail Gorbachev of the Soviet Union. Among the many stunning photographs he has

created, Plaintiff is the original author of an aerial photographic image of the American Airlines Arena at night along with surrounding Miami cityscape (the "Copyrighted Work"). Attached hereto as **Exhibit A** is a true and accurate copy of the Copyrighted Work.

9. Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

10. Effective as of April 8, 2015, Plaintiff obtained a timely registration with the United States Copyright Office for a collection of photographic images, including the Copyrighted Work identified in that registration as "aaa_nite." Attached hereto as **Exhibit B** is a copy of the certificate for Registration Number VA 1-955-450 obtained from the United States Copyright Office.

11. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work, including the exclusive rights to reproduce, display, and distribute the Copyrighted Work and to bring infringement claims arising out of the unauthorized reproduction, distribution and display of the Copyrighted Work.

12. Plaintiff included a watermark with identifying information about himself as the photographer when displaying the Copyrighted Work on his website. The watermark accompanying the digital version of the Copyrighted Work displayed and distributed by the Plaintiff constitutes copyright management information ("CMI") for purposes of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* ("DMCA").

13. The Plaintiff also published the Copyrighted Work on a Fine Art America website (www.fineartamerica.com) in order to offer licenses in the Copyrighted Work for a fee. The Fine Art America posting displays CMI identifying Plaintiff as the photographer with the rights to license the Copyrighted Work.

B. Defendant's Unlawful Activities

14. Upon information and belief, Defendant operated and continues to operate a website located at the URL https://www.razorgator.com, where Defendant

offers online purchases of tickets to sporting events and other events, and related services.

15. Recently, Plaintiff has discovered instances in which Defendant has infringed Plaintiff's exclusive copyrights in the Copyrighted Work.

16. Specifically, Plaintiff discovered in May of 2016 that Defendant was infringing Plaintiff's copyright by reproducing, publicly displaying and distributing the Copyrighted Work without Plaintiff's authorization permission and for the commercial purpose of promoting its services at the following website URL's:

- http://www.razorgator.com/blog/2016/11/09/your-comprehensive-guide-to-the-american-airlines-arena-seating-chart/?utm_source=facebook&utm_medium=american-airlines-arena
- http://www.razorgator.com/blog/2016/11/17/aplauso-2016-marco-antonio-solis-juanes-ricardo-montaner-and-more-at-american-airlines-arena-on-129/

17. Copies Defendant's infringing reproduction, distribution and public display of its infringing versions of the Copyrighted Work are attached hereto as **Exhibit C**.

18. Defendant's unauthorized reproduction, distribution, and public display of the Copyrighted Work shall be referred to hereinafter as the "Infringing Works."

19. In reproducing the Copyrighted Work and displaying the Infringing Works on its website, the Defendant either removed Plaintiff's CMI the watermark (if reproduced from the display version of the Copyrighted Work Plaintiff posted to his own website) or the photographer's identification CMI (if reproduced from the display version of the Copyrighted Work posted to the Fine Arts America website) to the Copyrighted Work as displayed and distributed by the Plaintiff.

20. On information and belief, the Defendant altered the Copyrighted Work as displayed and distributed by the Plaintiff to remove the CMI accompanying that photograph in order to conceal its infringement of Plaintiff's Copyrighted Work. Among other things, Defendant's alteration and removal of Plaintiff's CMI would

make it harder to identify the Infringing Works being displayed on the Defendant's website based on a typical browser-based internet search.

21. Defendant created, displayed and used the Infringing Works for the commercial purposes of promoting its event tickets resale business to the public through its website. Defendant sought to profit, and has profited, from the Infringing Works, with the intention of not paying the Plaintiff for a license or other permission to reproduce, display, distribute or otherwise use his Copyrighted Work.

22. Plaintiff's attorney sent Defendant a demand letter on March 8, 2017, demanding Defendant remove the Infringing Works from Defendant's website and pay the Plaintiff compensation for the unauthorized use of his Copyrighted Work.

23. Despite the clear notice of infringement and demand that it stop being provided in Plaintiff's counsel's March 8, 2017 letter, Defendant has refused to respond in any way and has refused to remove the Infringing Works from public display and distribution on its website.

24. On information and belief, Defendant's refusal to respond to Plaintiff's counsel's demand letter, cease its infringing public display and distribution of the Infringing Works, or to discuss compensation of any kind for the unauthorized use of the Copyrighted Work evidences Defendant's intention has been, and remains, to willfully infringe Plaintiff's copyrights in the Copyrighted Work.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

25. Plaintiff realleges paragraphs 1 through 25 above and incorporates them by reference as if fully set forth herein.

26. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff exclusively owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

27. Upon information and belief, as a result of Plaintiff's publication, reproduction and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Work.

28. Defendant has infringed and violated Plaintiff's exclusive rights in the Copyrighted Work under the Copyright Act, 17 U.S.C. § 501 *et seq*., by copying, reproducing, distributing and publicly displaying the Copyrighted Work.

29. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has intentionally profited at the expense of the Plaintiff.

30. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000, or such other amounts as may be found to be appropriate under 17 U.S.C. § 504(c). Alternatively, and at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendant's profits in connection with its infringements of Plaintiff's exclusive rights in the Copyrighted Work, which amounts will be proven at trial.

31. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

32. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**
**(17 U.S.C. § 1202)**

33. Plaintiff realleges the allegations of the preceding paragraphs 1 through 33 and incorporates them by reference as if fully set forth herein.

34. Defendant has, on information and belief, intentionally removed the CMI accompanying Plaintiff's Copyrighted Work as displayed and distributed by the Plaintiff.

35. Upon information and belief, Defendant removed and/or altered Plaintiff's CMI knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright, because it would make it more difficult to discover the Infringing Works.

36. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act have been and continue to be willful.

37. By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

38. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

39. In lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act or Plaintiff's actual damages, Plaintiff may elect to and is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

40. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Plaintiff demands judgment in his favor as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of Plaintiff's actual damages and profits under 17 U.S.C. § 504(b) as the jury or Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the jury or Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each Copyrighted Work infringed;

4. A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing Plaintiff's copyright management information from the Copyrighted Work in when copying, distributing and publicly displaying its Infringing Works, in order to conceal its infringement;

5. Awarding Plaintiff his actual damages and all gains, profits, property, and advantages obtained or derived by Defendant from its violation of the Digital Millennium Copyright Act or, in lieu thereof and at Plaintiff's election, such statutory damages as the Court shall deem proper under 17 U.S.C. § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

6. An award of Plaintiff's costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

7. An award of Plaintiff's interest, including pre-judgment interest, on the foregoing sums;

8. A permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works

derived or copied from the Plaintiffs' Copyrighted Work or to participate or assist in any such activity, and

(b) directly or indirectly removing or altering any copyright management information from, or providing or distributing any false copyright management information in connection with, Plaintiff's Copyrighted Work; and

9. For such other and further relief as the Court may deem just and proper.

**DUANE MORRIS LLP**

Dated: March 31, 2017

By: /s/ Dan Terzian
Dan Terzian
Attorneys for Plaintiff Joe Myeress

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

**DUANE MORRIS LLP**

Dated: March 31, 2017

By: /s/ Dan Terzian
Dan Terzian
Attorneys for Plaintiff Joe Myeress